UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WESTON CRAMER,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF AUBURN, PLACER COUNTY SUPERIOR COURT, PLACER COUNTY, PLACER COUNTY PUBLIC DEFENDER,<br><br>    Defendants. | No.  2:24-cv-2235 DJC AC (PS)<br><br>ORDER |

Plaintiff is proceeding in this action pro se.  This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21).  Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") and submitted the affidavit required by that statute.  See 28 U.S.C. § 1915(a)(1).  The motion to proceed IFP will therefore be granted.

I.  SCREENING

A.    Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Plaintiff must assist the court in determining whether the complaint is frivolous, by drafting the

1

complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

### B. The Complaint

Plaintiff sues multiple entities based on alleged civil rights violations under 28 U.S.C. § 1983, and alleges various criminal violations and tortious conduct. The events giving rise to the complaint occurred during an arrest by a City of Auburn police officer on January 25, 2014, and in relation to the subsequent trial. ECF No. 1 at 2. As to the City of Auburn, plaintiff alleges false arrest by a police officer without a warrant or probable cause. Id. Plaintiff further alleges "Felony Tampering with Evidence Penal Code 141" against the City of Auburn. Id. As to the County of Placer, plaintiff alleges a due process violation by the Placer County District Attorney. Id. at 3. As to Placer County Superior Court, plaintiff alleges a due process violation based on improper actions by judges and court clerks. Id. Plaintiff alleges that the City of Auburn committed the tort of libel in relation to a press release regarding plaintiff's arrest. Id. Finally, plaintiff alleges that defendants are part of a "Criminal Conspiracy" in violation of the California Penal Code, asserting that "[a]ll defendants criminally conspired to send the Plaintiff to jail for a crime they know or should have known he didn't commit." Id. at 3.

### C. Discussion

Plaintiff's complaint cannot be served at this time for several reasons. First, the complaint does not contain a "short and plain" statement setting forth the basis for federal jurisdiction, plaintiff's entitlement to relief, or the relief that is sought, even though those things are required by Fed. R. Civ. P. 8(a)(1) (3). The exact nature of what happened to plaintiff is unclear from the complaint, which contains insufficient facts. The court cannot tell from examining the complaint

3

what legal wrong was done to plaintiff, by whom and when, or how any alleged harm is connected to the relief plaintiff seeks.

Second, plaintiff's claims as drafted fail as a matter of law.  Plaintiff's second and seventh cause of action are both alleged criminal violations, and plaintiff does not have authority to bring criminal claims.  "Criminal proceedings, unlike private civil proceedings, are public acts initiated and controlled by the Executive Branch." Clinton v. Jones, 520 U.S. 681, 718 (1997); Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (criminal provisions provide no basis for civil liability).  No amendment can cure the unavailability of these criminal causes of action.

Plaintiff's first, third, and fifth causes of action under 42 U.S.C. §1983 are improperly brought against municipal entities for the actions of their employees.  A municipal entity cannot be held liable for the actions of its employees under §1983; it may only be held liable "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978); Miranda v. Clark County, Nevada, 319 F.3d 465, 470 (9th Cir. 2003).  A plaintiff seeking to impose liability on a municipality due to an official policy must establish the existence of a formal policy pursuant to which the defendant was acting when he or she violated the plaintiff's rights.  See Trevino v. Gates, 99 F.3d 911, 918 (9th Cir.1996).  Here, plaintiff's causes of action under §1983 are all brought against municipal entities (the City of Auburn, the County of Placer, the Public Defender's Office, and the Placer County Superior Court) for actions allegedly taken by their employees.  There is no allegation of any unconstitutional municipal policy, pattern, or practice.  If plaintiff wishes to bring a §1983 claim against such entities he must identify a specific policy or custom that resulted in a constitutional violation.  If plaintiff wishes to hold individual state actors liable, he must name them as defendants and explain what each did to violate plaintiff's rights.

Insofar as plaintiff seeks to sue judges, or a court for the actions of judges taken in connection with the prosecution of criminal claims against him, he cannot do so because judges are immune from suit.  "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11

1   (1991).  Judicial immunity is overcome only when a judge's actions are either (1) nonjudicial in
2   nature, i.e., not taken in the judge's judicial capacity, Forrester v. White, 484 U.S. 219, 227–29
3   (1988), or (2) taken in the complete absence of all jurisdiction, Stump v. Sparkman, 435 U.S. 349,
4   356–57 (1991).  Plaintiff does not make any allegations that indicate one of these exceptions
5   applies.  Further, to the extent plaintiff intends to sue the court on which a judge serves, a court
6   cannot be civilly liable for the actions of its judges under any theory of which this court is aware.
7   Plaintiff cannot proceed on these claims.

8   Finally, plaintiff's libel claim is insufficiently pled.  "Libel is a false and unprivileged
9   publication by writing, printing, picture, effigy, or other fixed representation to the eye, which
10  exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned
11  or avoided, or which has a tendency to injure him in his occupation."  Cal. Civ. Code § 45.
12  Plaintiff fails to allege any of the necessary facts to state a libel claim.  Further, "[b]efore a person
13  can sue a public entity or public employee for money damages for actions taken within the scope
14  of the person's employment, he or she must first file a government claim pursuant to the
15  [California Government Claims Act]."  Robinson v. Alameda County, 875 F. Supp. 2d 1029,
16  1043 (N.D. Cal. 2012).  The Government Claims Act must be satisfied even if the public entity
17  has actual knowledge of the circumstances surrounding the claim.  Id.  "It is not the purpose of
18  the claims statute to prevent surprise.  Rather, the purpose of these statutes is to provide the public
19  entity sufficient information to enable it to adequately investigate claims and settle them, if
20  appropriate, without the expense of litigation."  Gong v. Rosemead, 226 Cal. App. 4th 363, 374
21  (2014) (internal citations omitted).  The failure to timely present a proper claim for money or
22  damages to a public entity bars a plaintiff from filing a lawsuit against that entity.  Id.  To bring a
23  tort claim, such as a libel claim, against the city, plaintiff must be able to show compliance with
24  the Government Claims Act.

25  For all the foregoing reasons, the complaint cannot be served.  However, rather than
26  recommending dismissal, the court will allow plaintiff to file an amended complaint correcting
27  the problems outlined above.
28  ////

## II. AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint, the amended complaint must allege facts establishing the existence of federal jurisdiction. In addition, it must contain a short and plain statement of plaintiff's claims. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). As noted above, forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

Plaintiff must avoid excessive repetition of the same allegations. Plaintiff must avoid narrative and storytelling. That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts. Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff.

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." Id. at 1180. The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." Id. at 1179.

Also, the amended complaint must not refer to a prior pleading to make plaintiff's amended complaint complete. An amended complaint must be complete without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original

complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### III.  PRO SE PLAINTIFF'S SUMMARY

It is not clear that this case can proceed in federal court. The court cannot tell from your complaint what legal harm was done to you because you do not allege enough facts. Further, you cannot bring §1983 claims against entities like a city or county unless you can show a specific policy, pattern, or practice that violates the constitution. If you want to bring §1983 constitutional claims related to specific things that happened to you, rather than challenging a local government policy, you need to name individual defendants and explain what each person did that violated your rights. You cannot sue judges because they are immune from suit. You cannot base claims in a civil lawsuit on alleged violation of criminal laws. Finally, if you want to sue a state defendant for a tort, such as libel, you need to show that you went through the Government Tort Claims process first. Because the complaint as written does not state a claim upon which relief can be granted, it will not be served on defendants. Your lawsuit cannot proceed unless you fix the problems with your complaint.

You are being given 30 days to submit an amended complaint that provides a proper basis for federal jurisdiction. If you submit an amended complaint, it needs to explain in simple terms what laws or legal rights of yours were violated, by whom and how, and how those violations impacted each plaintiff. Without this information, the court cannot tell what legal claims you are trying to bring against the defendants. If you do not submit an amended complaint by the deadline, the undersigned will recommend that the case be dismissed.

### IV.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Plaintiff shall have 30 days from the date of this order to file an amended complaint that names defendants who are amenable to suit, and which complies with the instructions

////

given above.  If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

DATED: October 17, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE