UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WESTON CRAMER,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF AUBURN, PLACER COUNTY SUPERIOR COURT, PLACER COUNTY, PLACER COUNTY PUBLIC DEFENDER,<br><br>Defendants. | No. 2:24-cv-2235 DJC AC PS<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff previously filed a request for leave to proceed in forma pauperis ("IFP") and submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). That motion was granted, and the initial complaint was rejected pursuant to the screening process discussed below. ECF No. 4. Plaintiff was given leave to amend, and plaintiff's First Amended Complaint is now before the court for screening. ECF No. 5.

I. SCREENING

A.  Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks

1

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").  The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1).  Forms are available to help pro se plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor.  See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  A formulaic recitation of the elements of a cause of action does not suffice

to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

B.  The Initial Complaint

Plaintiff's initial complaint named multiple entities as defendants and alleged civil rights violations under 28 U.S.C. § 1983, as well as various criminal acts and tortious conduct. The events giving rise to the complaint occurred during an arrest by a City of Auburn police officer on January 25, 2014, and in relation to the subsequent trial. ECF No. 1 at 2. As to the City of Auburn, plaintiff alleged false arrest by a police officer without a warrant or probable cause. Id. Plaintiff further alleged "Felony Tampering with Evidence Penal Code 141" against the City of Auburn. Id. As to the County of Placer, plaintiff alleged a due process violation by the Placer County District Attorney. Id. at 3. As to Placer County Superior Court, plaintiff alleged a due process violation based on improper actions by judges and court clerks. Id. Plaintiff alleged that the City of Auburn committed the tort of libel in relation to a press release regarding plaintiff's arrest. Id. Finally, plaintiff alleged that defendants are part of a "Criminal Conspiracy" in violation of the California Penal Code, asserting that "[a]ll defendants criminally conspired to send the Plaintiff to jail for a crime they know or should have known he didn't commit." Id. at 3.

On screening, the court explained to plaintiff that his complaint could not be served for several reasons. First, court explained the complaint did not contain a "short and plain" statement setting forth the basis for federal jurisdiction, plaintiff's entitlement to relief, or the relief that is sought, even though those things are required by Fed. R. Civ. P. 8(a)(1) (3). The exact nature of

what happened to plaintiff was unclear from the complaint, which contained insufficient facts. The court could not tell from examining the complaint what legal wrong was done to plaintiff, by whom and when, or how any alleged harm is connected to the relief plaintiff seeks.

Relevant here, the court explained that plaintiff's first, third, and fifth causes of action under 42 U.S.C. §1983 were improperly brought against municipal entities for the actions of their employees. A municipal entity cannot be held liable for the actions of its employees under §1983; it may only be held liable "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978); Miranda v. Clark County, Nevada, 319 F.3d 465, 470 (9th Cir. 2003). A plaintiff seeking to impose liability on a municipality due to an official policy must establish the existence of a formal policy pursuant to which the defendant was acting when he or she violated the plaintiff's rights. See Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996). In the complaint, plaintiff's causes of action under §1983 were all brought against municipal entities (the City of Auburn, the County of Placer, the Public Defender's Office, and the Placer County Superior Court) for actions allegedly taken by their employees. There was no allegation of any unconstitutional municipal policy, pattern, or practice. The court explained that if plaintiff wishes to bring a §1983 claim against such entities, he must identify a specific policy or custom that resulted in a constitutional violation. The court went on to explain that if plaintiff wishes to hold individual state actors liable, he must name them as defendants and explain what each did to violate plaintiff's rights.

Additionally, the court explained that insofar as plaintiff seeks to sue judges, or a court for the actions of judges taken in connection with the prosecution of criminal claims against him, he cannot do so because judges are immune from suit. "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991). Judicial immunity is overcome only when a judge's actions are either (1) nonjudicial in nature, i.e., not taken in the judge's judicial capacity, Forrester v. White, 484 U.S. 219, 227–29 (1988), or (2) taken in the complete absence of all

4

jurisdiction, Stump v. Sparkman, 435 U.S. 349, 356–57 (1991). Plaintiff did not make any allegations that indicate one of these exceptions applies. Further, to the extent plaintiff intends to sue the court on which a judge serves, a court cannot be civilly liable for the actions of its judges under any theory of which this court is aware. The court told plaintiff he cannot proceed on these claims.

### C. The First Amended Complaint

The first amended complaint asks the court to award damages based on the rulings in several state court cases; plaintiff alleges these court actions and decisions involved conspiracies and violations of his constitutional rights. ECF No. 5. The complaint references several incidents, some related to each other and some apparently unrelated. First, plaintiff states that his siblings are both attorneys and they are inheritance thieves who conspired to steal to steal the estate of his parents in Santa Clara Superior Court. ECF No. 5 at 3. Second, plaintiff recounts an incident at the Ashley Dog Park in the City of Auburn in which an "alleged victim injured her head prior to the incident" and lied that plaintiff tried to kill her. Id. Plaintiff was subsequently arrested without a warrant and the officers lied on their report and tampered with evidence. Id. Plaintiff alleges the Placer County Superior Court conspired with the officers in violation of his constitutional rights. Plaintiff alleges a Placer County Superior Court judge presided over a criminal case involving plaintiff and violated his constitutional rights. Id. at 5.

Plaintiff alleges that Commissioner Michael Jacques violated his constitutional rights in a case he brought to small claims court. Id. Plaintiff also sues Placer County because a District Attorney maliciously prosecuted him in a criminal case. Id. at 5. He sues El Dorado county because a sheriff's deputy improperly allowed his neighbor to compost used lumber that she stole from his property, and the El Dorado County Superior Court ruled that the lumber had no value. Id. Finally, plaintiff sues Auburn Lake Trails HOA for accepting the ruling of the El Dorado Superior Court. ECF No. 5 at 7.

### D. The First Amended Complaint Cannot be Served

The First Amended Complaint does not solve several of the problems that prevented the initial complaint from being served. Plaintiff again sues municipal entities, which can only be

held liable under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978); Miranda v. Clark County, Nevada, 319 F.3d 465, 470 (9th Cir. 2003). A plaintiff seeking to impose liability on a municipality due to an official policy must establish the existence of a formal policy pursuant to which the defendant was acting when he or she violated the plaintiff's rights. See Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996). The First Amended Complaint, like the initial complaint, alleges causes of action under §1983 against municipal entities (the City of Auburn, the Placer County, the El Dorado County, and the Placer County Superior Court) for actions allegedly taken by their employees, including judges. There is no allegation of any unconstitutional municipal policy, pattern, or practice.

Further, as the court previously explained, judges and courts are immune from suit with respect to actions taken against a person in connection with the prosecution of criminal claims. "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991). Judicial immunity is overcome only when a judge's actions are either (1) nonjudicial in nature, i.e., not taken in the judge's judicial capacity, Forrester v. White, 484 U.S. 219, 227–29 (1988), or (2) taken in the complete absence of all jurisdictions, Stump v. Sparkman, 435 U.S. 349, 356–57 (1991). Plaintiff did not make any allegations that indicate one of these exceptions applies. Further, to the extent plaintiff intends to sue the court on which a judge serves, a court cannot be civilly liable for the actions of its judges under any theory of which this court is aware. The court told plaintiff he could not proceed on these claims, but he continued to re-allege them in his First Amended Complaint.

Finally, insofar as plaintiff attempts to sue the Auburn Lake Trails HOA for constitutional violations, he cannot do so under § 1983, which, with narrow exceptions not applicable here, does not apply to private entities. See, Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1139 (9th Cir. 2012). Further, plaintiff's only claim against the HOA is that it followed a State Court ruling, which plainly does not give rise to any legal cause of action. ECF No. 5 at 7.

## II. NO FURTHER LEAVE TO AMEND

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato v. United States, 70 F.3d 1103, 1105-06 (9thCir. 1995). Here, plaintiff was given an opportunity to amend with clear instructions on how to submit an amended complaint. The contents of the First Amended Compliant, which do not cure the defects identified in the original complaint, make it clear that plaintiff cannot state a claim upon which relief can be granted and that further amendment would be futile. Accordingly, dismissal should be without leave to amend.

## III. PRO SE PLAINTIFF'S SUMMARY

The Magistrate Judge is recommending that your case be dismissed because the court does not have jurisdiction to hear the case. You have 21 days to object to this recommendation if you wish to do so. The District Judge will make the final decision.

## IV. CONCLUSION

It is RECOMMENDED that the First Amended Complaint (ECF No. 5) be DISMISSED and that this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: April 3, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE